IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS BONILLA, et al.,

       Plaintiffs

         v.

TREBOL MOTORS CORPORATION, et al.,

       Defendants

CIVIL NO. 92-1795 (JP)

## ORDER

Before the Court is Plaintiffs' *ex parte* motion (**No. 1153**) for (1) a temporary restraining order with asset freeze, (2) other equitable relief, and (3) an order to show cause why a preliminary injunction should not issue.  For the reasons stated herein, Plaintiffs' motion is hereby **GRANTED.**

This action was initially filed by Plaintiffs in 1992 for Defendants' fraudulent practices in the sale of certain Volvo-brand automobiles in Puerto Rico.  Two class actions, which were eventually consolidated into the case at hand, stemmed from these allegedly unlawful sales practices.  Defendants Trebol Motors Corporation ("Trebol"), Conchita González, and Ricardo González (collectively, the "González Defendants") filed a joint motion consenting to entry of default in the original action on June 21, 1996 (No. 691).[1]  The

---

1.    For clarification purposes, the Court will refer to Trebol and the González
      Defendants collectively as "Defendants."

CIVIL NO. 92-1795 (JP)                -2-

case proceeded to trial against the remaining Defendant, Volvo Corporation, and the jury returned a verdict of $43,197.00 in damages against Volvo Corporation (No. 804).[2]  These damages were trebled by the Court pursuant to the statutory provisions regarding racketeering (No. 804).  On October 10, 2006, the Court entered Judgment against Defendants in the same amount as the trebled jury verdict against Volvo Corporation - namely, $129,591,300.00 (No. 915).

Before the Judgment was entered against it, Defendant Trebol filed for Chapter 11 bankruptcy on September 30, 1996.  Upon Defendant Trebol's motion, the United States Court of Appeals for the First Circuit vacated the judgment against Trebol based on the automatic bankruptcy stay.  Bonilla v. Volvo Car Corp., 150 F.3d 62 (1st Cir. 1998).  The First Circuit upheld the portion of this Court's Judgment finding the González Defendants liable for racketeering, vacated this Court's damages award, and remanded the action to this Court for a hearing on the amount of damages to be assessed against the González Defendants.  Id. at 77.

On September 2, 1999, Trebol, the González Defendants, and Plaintiffs entered into a settlement agreement whereby Trebol and the González Defendants agreed to pay a settlement amount of $200,000.00 plus $500.00 coupons for class members wishing to purchase a Volvo. An additional $250.00 was paid in fees to class counsel at the time

---

2.    This decision was subsequently reversed and remanded by the First Circuit on October 20, 1998 (No. 1014).

CIVIL NO. 92-1795 (JP)                    -3-

the coupons were redeemed.  Final Judgment was entered on June 29, 2000, dismissing the claims against Trebol and the González Defendants as a result of the settlement agreement (No. 1105).  The settlement was premised on the bankruptcy proceedings of Trebol and representations made by the González Defendants regarding their limited assets.

The stipulation of settlement provides that "if any party materially breaches the terms of the [s]tipulation, the other parties will have the right to enforce this [s]tipulation and recover reasonable attorney's fees incurred in doing so." (No. 1152, Ex. A).  The stipulation also provides that if Defendants engage in a transaction intended to circumvent the stipulation, Defendants are subject to a penalty of $100,000.00 in liquidated damages made payable to Plaintiffs.

Plaintiffs now inform the Court that a report from the United States Senate Permanent Subcommittee on Investigations entitled "Tax Haven Banks and U.S. Tax Compliance," released on or around July 16, 2008, reveals that the González Defendants concealed large amounts of money in Liechtenstein during the time the settlement agreement was reached.  Therefore, Plaintiffs argue that the González Defendants' representations regarding their financial assets were fraudulent.

CIVIL NO. 92-1795 (JP)            -4-

In granting Plaintiffs' motion, the Court hereby finds that:

1.    The Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it has jurisdiction over the parties;

2.    Venue properly lies with this Court;

3.    There is good cause to believe that Defendants have engaged in fraud in the inducement against Plaintiffs;

4.    There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for Plaintiffs will result from the sale, transfer, or other disposition or concealment by Defendants of their assets or records unless Defendants are immediately restrained and enjoined by Order of this Court.  The evidence set forth in support of Plaintiffs' motion demonstrates that Defendants have engaged in a concerted course of illegal activity, which, among other transgressions, fraudulently induced Plaintiffs into settlement by concealing a significant portion of Defendants' assets.  There is good cause to believe that Defendants will attempt to conceal the scope of their illegal actions through the destruction of evidence and secreting of assets.  There is thus good cause for relieving Plaintiffs of their duty to provide Defendants with prior notice of Plaintiffs' motion;

CIVIL NO. 92-1795 (JP)              -5-

    5.    This Order is in the public interest; and

    6.    Plaintiffs have provided security for the issuance of a temporary restraining order.

The Court hereby incorporates the following definitions into this Order:

    1.    "Asset" or "Assets" mean any legal or equitable interest in, right to, or claim to, any real and personal property, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leasehold, premises, contracts, mail or other deliveries, shares of stock, inventory, checks, notes, accounts, credits, receivables, funds, and all cash, wherever located.

    2.    "Defendants" means Trebol Motors Corporation, Trebol Motors Distributors Corporation, Ricardo González-Navarro and Conchita Navarro-de González, and shall include all of their predecessors, successors, affiliates, subsidiaries, divisions, groups or its directors, agents, employees, officers, or any other person or persons acting for our purportedly acting on behalf of or in concert with them. In light of the findings of the United States Senate, the use of "Defendants" from Sections I through VI shall include the children of Conchita Navarro-de González.

CIVIL NO. 92-1795 (JP)          -6-

    3.   "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

    4.   "Person" or "Persons" refers to a natural person, firm, proprietorship, association, partnership, corporation, or any other type of organization or entity.

    5.   "Special Master" refers to that person who has been qualified by this Court as such, pursuant to this Order, below.

## I.   ASSET PRESERVATION

The Court **ORDERS** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained and enjoined from:

    A.   Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending,

CIVIL NO. 92-1795 (JP)              -7-

    withdrawing, perfecting a security interest in, or otherwise disposing of any assets wherever located, inside or outside the United States of America, that are owned, controlled or held by, or for the benefit of, in whole or in part, any Defendant, or in the actual or constructive possession of any Defendant, including, but not limited to:

1. all accounts held in the name of any Defendant; and

2. any assets held in any account at any bank or savings and loan institution, or any credit card processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, online payment service, IRA custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

B. Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or under any Defendant's control, without providing the Special Master prior notice and an

CIVIL NO. 92-1795 (JP)          -8-

         opportunity to inspect the contents in order to determine that they contain no assets covered by this Section;

C.    Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant.

D.    Transferring any funds or other assets subject to this Order for attorney's fees or living expenses; provided, however, that, notwithstanding the above, any Defendant may pay, from funds subject to this Order, reasonable, usual, ordinary, and necessary living expenses and attorney's fees, not to exceed $2,000.00, prior to the show cause hearing set forth in this Order. No such expenses, however, shall be paid from funds subject to this Order except from cash on the person of any Defendant, or from an account designated by written notice to counsel for the Commission; provided further that, any Defendant may pay reasonable, usual, ordinary, and necessary living expenses, and reasonable attorney's fees, but only after written prior approval by the Plaintiff or as otherwise authorized by the Court.

**II.  FINANCIAL REPORTS**

**IT IS FURTHER ORDERED** that each Defendant, at least three calendar days prior to the show cause hearing set forth in this Order, and in no event later than ten days after entry of this Order,

CIVIL NO. 92-1795 (JP)          -9-

shall prepare and deliver to the Special Master completed financial statements on the forms attached to this Order as Attachments A and B, for themselves individually and for each business entity under which they conduct business, or of which they are an officer, and for each trust of which they are a trustee.  This includes but is not limited to Trebol Motors Corporation, Trebol Motors Distributors Corporation, the Traguna Foundation, Foundation Tragique, Auto und Motoren AG, Asmercal Investment Anstalt, Tierzucht Investierungs Anstalt, Ganadera, and accounts opened by the LGT Group, LGT Bank in Liechtenstein, or LGT Treuhand on Defendants' behalf, as well as their predecessors, successors, affiliates, subsidiaries, divisions, and groups.  The financial statements shall be accurate as of the date of their completion.

III. **REPATRIATION OF FOREIGN ASSETS AND DOCUMENTS**

   **IT IS FURTHER ORDERED** that **on or before July 29, 2008,** each Defendant shall:

   A.   Repatriate to the United States all assets and all documents located in foreign countries held, directly or indirectly:

      1.   by any Defendant;

      2.   for any Defendant's benefit; or

      3.   under any Defendant's direct or indirect ownership or control;

CIVIL NO. 92-1795 (JP)          -10-

    B.   **On or before July 29, 2008,** notify the Special Master of the name and location of the financial institution or other entity that is the recipient of such assets or documents and the corresponding account names or numbers; and

    C.   Hold and retain all repatriated assets and documents and prevent any transfer, disposition, or dissipation whatsoever of any such assets.

    **Provided,** however, Defendants may transfer any repatriated documents to the Special Master as required by this Order.

    **Provided further,** that each Defendant shall provide the Special Master access to Defendants' records and documents held by financial institutions or other institutions outside the territorial United States, by signing the Consent to Release of Financial Records attached to this Order as Attachment C.

**IV.**   **INTERFERENCE WITH REPATRIATION**

    **IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the transfer, encumbrance, or dissipation of foreign assets, or in the hindrance of the repatriation required by Section III of this Order, including but not limited to:

CIVIL NO. 92-1795 (JP)            -11-

     A.   Sending any statement, letter, fax, email or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Section III of this Order; and

     B.   Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all assets have been fully repatriated pursuant to Section III of this Order.

**V.   PRESERVATION AND MAINTENANCE OF RECORDS AND NOTICE OF NEW VENTURES**

    **IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained and enjoined from:

     A.   Destroying, erasing, mutilating, falsifying, concealing, writing over, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents or records, including but not limited to, any

CIVIL NO. 92-1795 (JP)          -12-

and all computerized files, storage media (including but not limited to floppy disks, hard drives, CD-ROMs, Zip disks, punch cards, magnetic tape, backup tapes, and computer chips) on which information has been saved (including any and all equipment needed to read any such material), contracts, accounting data, registrations, correspondence, FTP logs, Service Access Logs, USENET Newsgroups postings, World Wide Web pages, email messages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, topics of federal, state or local business or personal income or property tax returns, and other documents or records of any kind that relate to the business practices, or business or personal finances, of any Defendant;

B.   Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money; and

C.   Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or

CIVIL NO. 92-1795 (JP)                -13-

corporation, without first providing the Special Master

with a written statement disclosing:

1.   the name of the business entity;

2.   the address, telephone number, email address, and Web

site address of the business entity;

3.   the names of the business entity's officers, directors,

principals, managers, and employees;

4.   the names and addresses of any persons or entities

providing online marketing, advertising, or mailing

services for the business entity; and

5.   a detailed description of the business entity's intended

activities.

## VI.   **DUTIES OF PERSONS OR ENTITIES HOLDING DEFENDANTS' ASSETS**

**IT IS FURTHER ORDERED** that, pending determination of the

Plaintiff's request for a preliminary injunction, any financial or

brokerage institution, escrow agent, title company, commodity trading

company, entity, trust, or person that holds, controls or maintains

accounts or assets of, or on behalf of, any Defendant, or has held,

controlled or maintained any account or asset of, or on behalf of,

any Defendant at any time since January 1, 1986, that has been served

with a copy of this Order, or otherwise has actual or constructive

knowledge of this Order, shall:

A.   Hold and retain within its control and prohibit the

withdrawal, removal, assignment, transfer, pledge,

CIVIL NO. 92-1795 (JP)          -14-

> encumbrance, disbursement, dissipation, conversion, sale,
> or other disposal of any such asset except by further
> Order of the Court;

B.  Deny Defendants access to any safe deposit box that is:

1.  titled in any Defendant's name, individually or
    jointly; or

2.  otherwise subject to access by any Defendant; and

C.  Provide the Special Master, **on or before July 29, 2008**, a
    sworn statement setting forth:

1.  the identification number of each such account or
    asset titled in the name, individually or jointly, of
    any Defendant, or held on behalf of, or for the
    benefit of the Defendant;

2.  the balance of each such account, or a description of
    the nature and value of such asset as of the close of
    business on the day on which this Order was received,
    and, if the account or other asset has been closed or
    removed, the date closed or removed, the total funds
    removed in order to close the account, and the name
    of the person or entity to whom such account or other
    asset was remitted; and

3.  the identification of any safe deposit box that is
    titled in the name, individually or jointly, of any

CIVIL NO. 92-1795 (JP)          -15-

> Defendant, or is otherwise subject to access by any
> Defendant; and

D.  Upon request by the Special Master, promptly provide the
Special Master with copies of all records or other
documentation pertaining to each such account or asset,
including but not limited to, originals or copies of
account applications, account statements, signature cards,
checks, drafts, deposit tickets, transfers to and from the
accounts, all other debit and credit instruments or slips,
currency transaction reports, 1099 forms, and safe deposit
box logs.

## VII. DUTIES OF DEFENDANTS' LEGAL COUNSEL, PAST AND PRESENT

**IT IS FURTHER ORDERED** that, pending determination of the
Plaintiff's request for a preliminary injunction, any attorney who
controls or maintains accounts, assets, or documents of, or on behalf
of, any Defendant, or has held, controlled or maintained any account,
asset or document of, or on behalf of, any Defendant at any time
since January 1, 1986, that has been served with a copy of this
Order, or otherwise has actual or constructive knowledge of this
Order, shall hold and retain within his or her control and not
destroy any such document.  These attorneys include but are not
limited to those from the firms of Fiddler, González & Rodríquez,
P.S.C., Vicente Cuebas, Charles A. Cuprill-Hernández Law Offices, and
Michael J. Rovell & Associates.

CIVIL NO. 92-1795 (JP)            -16-

## VIII.   DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, agent, attorney, spouse, and representative of Defendants, and shall, within ten days from the date of entry of this Order, include those international parties, provide the Court with a sworn statement that Defendants have complied with this provision of the Order, which statement shall include the names and addresses of each such person or entity who received a copy of the Order.

## IX.   SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including transmission by facsimile or electronic mail message, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may otherwise be subject to any provision of this Order.  Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## X.   EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the parties are granted leave at any time after service of this Order and pursuant to Federal Rules of

CIVIL NO. 92-1795 (JP)              -17-

Civil Procedure 30(a), 34 and 45 to: (1) take the deposition of any
person or entity for the purpose of discovering the nature, status,
extent, location or other relevant information relating to
Defendants' assets and the nature and location of documents
reflecting the business transactions of Defendants or their
affiliates; and (2) demand the production of documents from any
person or entity relating to the nature, status, extent, and location
or other relevant information relating to Defendants' assets and the
location of documents reflecting the business transactions of
Defendants.  Seventy-two hours notice shall be deemed sufficient for
any such deposition and production of documents from Defendants and
any other person or entity, including but not limited to financial
institutions, accounts, stock brokers, and financial planners.  The
limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(B)
and 31(a)(2)(B) regarding subsequent depositions of an individual
shall not apply to depositions taken pursuant to this Section.  Any
such depositions taken pursuant to this Section shall not be counted
toward any limit on the number of depositions under the Federal Rules
of Civil Procedure, including those set forth in Fed. R. Civ.
P. 30(a)(2)(A) and 3I(a)(2)(A) or the Local Rules.  Additionally, the
production of documents submitted pursuant to this provision shall
not in any way waive the Plaintiffs' rights to seek the production
of additional documents.

CIVIL NO. 92-1795 (JP)          -18-

## XI.  **DURATION OF TEMPORARY RESTRAINING ORDER**

**IT IS FURTHER ORDERED** that the temporary restraining order granted herein shall expire on **August 4, 2008 at 2:00 p.m.**, unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed ten days, or unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

## XII. **ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION**

**IT IS FURTHER ORDERED,** pursuant to Federal Rule of Civil Procedure 65, that each Defendant shall personally appear before this Court on **August 4, 2008, at 2:00 p.m.**, at the José V. Toledo U.S. Courthouse and Post Office Bldg., 300 Recinto Sur St., San Juan, Puerto Rico, in the courtroom of Judge Jaime Pieras, Jr., to show cause, if there is any, why this Court should not enter a Preliminary Injunction, continuing the freeze of their assets, and imposing such additional relief as may be appropriate.

**IT IS FURTHER ORDERED** that at the aforementioned hearing, Defendants must show cause why this Court should not impose all costs incurred by the Special Master and investigators relating to the enforcement of this Order on Defendants, including all compensation of the Special Master and investigators.

**Provided that,** Defendants must file with the Clerk's Office and deliver to the counsel for the Plaintiff any brief responding to the order to show cause why a preliminary injunction should not be

CIVIL NO. 92-1795 (JP)                    -19-

entered **on or before July 31, 2008.**  An evidentiary hearing on the

Plaintiff's request for a preliminary injunction is not necessary

unless Defendants demonstrate that they have, and intend to

introduce, evidence that raises a genuine and material factual issue.

    **Provided further** that, if any party to this action intends to

present the testimony of any witness at the hearing on a Preliminary

Injunction in this matter, that party shall, at least twenty-four

hours prior to the scheduled date and time of hearing, file with this

Court and serve on all other parties a statement disclosing the name,

address, and telephone number of any such witness, and either a

summary of the witness' expected testimony, or the witness' affidavit

revealing the substance of such witness' expected testimony.

**XIII.   SERVICE UPON PLAINTIFFS**

    **IT IS FURTHER ORDERED**, with regard to any correspondence or

pleadings related to this Order that service on Plaintiffs shall be

performed by overnight mail delivery, facsimile, or electronic mail

message to the attention of:

```
                Paul H. Hulsey, Esq.
                Cherie K. Durand, Esq.
                Hulsey Law Group, LLC
                Charleston Harbor
                2 Wharfside 3
                Charleston, SC  29401
                E-mail:  phulsey@hulseylitigationgroup.com
                Fax No. (843) 723-5307
```

CIVIL NO. 92-1795 (JP)          -20-

**XIV.** **APPOINTMENT OF SPECIAL MASTER**

This Court hereby appoints Reynaldo Quiñones-Márquez as Special Master of this proceeding to oversee Defendants' assets.  The Special Master shall begin immediate supervision of Defendants' assets upon the entry of this Order.  Additionally, the Special Master has the authority to appoint an investigator or investigators to locate information, documents, and assets related to this proceeding.  **IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of July, 2008.

                              s/Jaime Pieras, Jr.
                            JAIME PIERAS, JR.
                        U.S. SENIOR DISTRICT JUDGE